USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/17/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA : FINAL ORDER OF FORFEITURE

        -v.- : 09 Cr. 732 (RPP)

TERENCE BUCKLEY, :

        Defendant. :

- - - - - - - - - - - - - - - - - - x

      WHEREAS, on or about July 29, 2009, TERENCE BUCKLEY (the "defendant"), was charged in a two-count Information 09 Cr. 732 (RPP) (the "Information") with making illegal payments to union representatives and officers, in violation of Title 29, United States Code, Section 186 (Count One); and for engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957 (Count Two);

      WHEREAS, the Information included a forfeiture allegation seeking, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to a sum of money of $1 million in United States currency, representing the amount of proceeds obtained as a result of the offense;

WHEREAS, on or about February 2, 2011, the defendant, pursuant to an agreement (the "Agreement") with the Government, pled guilty to the Information and admitted to the forfeiture allegation;

WHEREAS, pursuant to the Agreement, the defendant agreed to transfer the sum of $1 million in U.S. currency, currently on deposit in his counsel's escrow account, to the United States Treasury Department, to be applied to his forfeiture obligation (the "Subject Property");

WHEREAS, on or about February 2, 2011, the Court entered an Order of Forfeiture/Preliminary Order of Forfeiture (the "Order") imposing a Money Judgment in the amount of $1,000,000 in United States currency and forfeiting the defendants' right, title and interest in the Subject Property (a copy of the Order of Forfeiture/Preliminary Order is attached hereto as Exhibit A);

WHEREAS, the Order directed the United States to publish, for at least thirty consecutive days, notice of forfeiture, of the Government's intent to dispose of the Subject Property and the requirements for filing a petition under 21 U.S.C. § 853(n)(2) and (3);

WHEREAS, notice of forfeiture was posted on an official government internet site (<u>www.forfeiture.gov</u>) for at least 30 consecutive days, beginning on April 9, 2011, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Proof of such publication was filed with the Clerk of the Court on June 24, 2011 (A copy of the proof of publication is attached hereto as Exhibit B);

WHEREAS, on or about May 11, 2011, the defendant was sentenced and ordered to forfeit $1,000,000 in U.S. currency (the "money judgment") and to forfeit all of his right, title and interest in the Subject Property;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within 30 days of final publication of notice of the forfeiture as set forth in 21 U.S.C. § 853(n)(2);

WHEREAS, 30 days have expired since final publication of notice and no petitions to contest the forfeiture have been filed;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.   Pursuant to 21 U.S.C. § 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Subject Property, and all right, title and interest in the Subject Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.   The United Treasury Department (or its designee) shall take possession of the Subject Property and dispose of the same according to law, in accordance with 21 U.S.C. § 853 (h).

3.   The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin, One St. Andrews Plaza, New York, New York, 10007.

Dated: New York, New York
       October 17, 2011

                                        SO ORDERED:

                                        _____
                                        HONORABLE ROBERT P. PATTERSON
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

 -v.-

TERENCE BUCKLEY,

        Defendant.

- - - - - - - - - - - - - - - - - -x

ORDER OF FORFEITURE/
PRELIMINARY ORDER
OF FORFEITURE

09 Cr. 732 (RPP)

    WHEREAS, on or about July 29, 2009, TERENCE BUCKLEY (the "defendant"), was charged in a two-count Information 09 Cr. ___ (RPP) (the "Information") with making illegal payments to union representatives and officers, in violation of Title 29, United States Code, Section 186 (Count One); and for engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957 (Count Two);

    WHEREAS, the Information included a forfeiture allegation seeking, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to a sum of money of $1 million in United States currency, representing the amount of proceeds obtained as a result of the offense;

    WHEREAS, on or about July 29, 2009, the defendant, pursuant to an agreement (the "Agreement") with the Government,

pled guilty to the Information and admitted to the forfeiture allegation;

WHEREAS, pursuant to the Agreement, the defendant agrees to transfer the sum of $1 million in U.S. currency, currently on deposit in his counsel's escrow account, to the United States Treasury Department, to be applied to his forfeiture obligation (the "Subject Property");

WHEREAS, pursuant to 21 U.S.C. § 853(g), the United States is, by virtue of said guilty plea, now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  The defendant will fully satisfy his forfeiture obligation by having his attorney, Michael Dowd, Esq., issue a Postal money order, bank, attorney's escrow check, or certified check, made payable, to the "United States Treasury Department," and delivered to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrews Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

2.  All of the defendant's right, title and interest

2

in the Subject Property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

3.  The Subject Property is to be seized pursuant to this Order of Forfeiture/Preliminary Order of Forfeiture as to Specific Property and is to be held thereafter by the United States Treasury Department (or its designee) in its secure custody and control.

4.  As a result of the offenses in the Information, for which the defendant pled guilty, a money judgment in the amount of $1,000,000 shall be entered against the defendant, as part of his criminal sentence. The Subject Property shall be applied in full satisfaction of the money judgment in the amount of $1 million dollars entered against the defendant.

5.  Publication of the notice of forfeiture in this case shall be delayed until the unsealing of the case.

6.  Upon the unsealing of the case and pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least 30 consecutive days. Any person, other

than the defendant in this case, claiming interest in the Subject Property must file a Petition within 60 days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Subject Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is final as to the defendant, TERENCE BUCKLEY, and is deemed part of the

sentence of the defendant and shall be included in the judgment of conviction therewith.

10. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney, Sharon Cohen Levin, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       July 2?, 2009           SO ORDERED:

                               _____
                               HONORABLE ROBERT P. PATTERSON
                               UNITED STATES DISTRICT JUDGE

5

# EXHIBIT B

PREET BHARARA
United States Attorney for the
Southern District of New York
By: SHARON COHEN LEVIN
Assistant United States Attorney
One St. Andrews Plaza
New York, New York 10007
Tel.: (212) 637-1060

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                 :
UNITED STATES OF AMERICA,        :
                                 :    DECLARATION OF PUBLICATION
        -v-                      :
                                 :    09 Cr. 732 (RPP)
TERENCE BUCKLEY,                 :
                                 :
                     Defendant.  :
--------------------------------x

    I, SHARON COHEN LEVIN, pursuant to Title 28, United States Code, Section 1746, hereby declare under the penalty of perjury:

    That I am an Assistant United States Attorney in the office of the United States Attorney for the Southern District of New York, and

    That attached to this declaration are (1) a true and correct copy of a notice of criminal forfeiture in this action, (2) a true and correct copy of an Advertisement Certification Report, indicating that the aforementioned notice was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on April 9, 2011, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and

That both documents referenced-above were obtained from a Consolidated Asset Tracking System maintained by the Department of Justice.

Dated: New York, New York
       June 24, 2011

                                              /s/
                                    SHARON COHEN LEVIN

Attachment 1

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK
# COURT CASE NUMBER: 09 CR. 732 (RPP); NOTICE OF FORFEITURE

Notice is hereby given that on February 22, 2011, in the case of U.S. v. Terrence Buckley, Court Case Number 09 CR. 732 (RPP), the United States District Court for the Southern District of New York entered an Order condemning and forfeiting the following property to the United States of America:

$1,000,000.00 in United States currency, seized from an attorney escrow account (09-IRS-001508)

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct. Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file a Petition within 60 days of the first date of publication (April 09, 2011) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1). The petition must be filed with the Clerk of the Court, United States District Court, 500 Pearl Street, Room 120, New York, NY 10007, and a copy served upon Assistant United States Attorney Sharon Cohen Levin, One St. Andrew's Plaza, New York, NY 10007. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court's disposition of all petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.



# Advertisement Certification Report

The Notice of Publication was available on the www.forfeiture.gov web site for at least 18 hours per day between April 9, 2011 and May 8, 2011. Below is a summary report that identifies the uptime for each day within the publication period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

U.S. v. Terrence Buckley

**Court Case No:** 09 CR. 732 (RPP)
**For Asset ID(s):** See Attached Advertisement Copy

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 04/09/2011 | 24.0 | Verified |
| 2 | 04/10/2011 | 24.0 | Verified |
| 3 | 04/11/2011 | 24.0 | Verified |
| 4 | 04/12/2011 | 24.0 | Verified |
| 5 | 04/13/2011 | 24.0 | Verified |
| 6 | 04/14/2011 | 24.0 | Verified |
| 7 | 04/15/2011 | 24.0 | Verified |
| 8 | 04/16/2011 | 24.0 | Verified |
| 9 | 04/17/2011 | 24.0 | Verified |
| 10 | 04/18/2011 | 24.0 | Verified |
| 11 | 04/19/2011 | 24.0 | Verified |
| 12 | 04/20/2011 | 24.0 | Verified |
| 13 | 04/21/2011 | 24.0 | Verified |
| 14 | 04/22/2011 | 24.0 | Verified |
| 15 | 04/23/2011 | 24.0 | Verified |
| 16 | 04/24/2011 | 24.0 | Verified |
| 17 | 04/25/2011 | 24.0 | Verified |
| 18 | 04/26/2011 | 24.0 | Verified |
| 19 | 04/27/2011 | 24.0 | Verified |
| 20 | 04/28/2011 | 24.0 | Verified |
| 21 | 04/29/2011 | 24.0 | Verified |
| 22 | 04/30/2011 | 24.0 | Verified |
| 23 | 05/01/2011 | 24.0 | Verified |
| 24 | 05/02/2011 | 24.0 | Verified |
| 25 | 05/03/2011 | 24.0 | Verified |
| 26 | 05/04/2011 | 24.0 | Verified |
| 27 | 05/05/2011 | 24.0 | Verified |
| 28 | 05/06/2011 | 24.0 | Verified |
| 29 | 05/07/2011 | 24.0 | Verified |
| 30 | 05/08/2011 | 24.0 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.